IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ZED LEVI KEYS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No.

## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 25 U.S.C. § 2254

    COMES NOW Petitioner, Zed Levi Keys ("Petitioner"), by and through undersigned counsel, and hereby submits this Memorandum of Law in Support of Petition For Writ Of Habeas Corpus under 28 U.S.C. § 2254.

1

## Table of Contents

**I.      CUSTODY** ........................................................................................................... **4**

**II.     BACKGROUND** ................................................................................................. **4**

**III.    TIMELINESS UNDER AEDPA** ....................................................................... **5**

**IV.    ARGUMENT IN SUPPORT OF GRANTING HABEAS CORPUS RELIEF.** ................................................................................................................ **5**

    **A.    Ineffective assistance of counsel** ............................................................. **5**

        *1.    Basic law on ineffective assistance of counsel.* ............................. **5**

        *2.    Deficient Performance.* .................................................................. **6**

        *3.    Prejudice* ........................................................................................ **6**

    **B.    Illegal search and seizure** ........................................................................ **7**

# TABLE OF AUTHORITIES

**Cases**

*Forbess v. Franke*, 749 F.3d 837 (9th Cir. 2014) .......................................................... 5

*In re Smith* (1970) 3 Cal.3d 192, 90 Cal.Rptr. 1 ......................................................... 5, 6

*In re Spears*, 157 Cal. App. 3d 1203, 204 Cal. Rptr. 333 (Ct. App. 1984) ................ 5, 6

*Jones v. Barnes*, 463 U.S. 745 (1983) ........................................................................... 6

*Massaro v. United States*, 538 U.S. 500 (2003) ............................................................ 6

*Miller v. Keeney,* 882 F.2d 1428 (9th Cir. 1989) ........................................................... 6

*People v. Rhoden* (1972) 6 Cal.3d 519, 99 Cal.Rptr. 751 ............................................. 6

*Pollard v. White*, 119 F.3d 1430 (9th Cir. 1997) .......................................................... 6

*Strickland v. Washington*, 466 U.S. 668 (1984) ........................................................ 5, 6

*United States v. Grandberry*, 730 F.3d 968 (9th Cir. 2013) ......................................... 7

*United States v. King*, 736 F.3d 805 (9th Cir. 2013) .................................................... 7

*United States v. Knights,* 534 U.S. 112 (2001) .............................................................. 7

**Statutes**

28 U.S.C. § 2244 ............................................................................................................ 5

## I. CUSTODY

Petitioner Keys was previously in the custody in the Eastern District of California.

## II. BACKGROUND

On July 21, 2014, Petitioner Keys plead guilty to one count of possessing a firearm after previously being convicted of a felony. (Ex. A at 8). On November 6, 2014, Petitioner Keys was sentenced to 3 years probation. (Ex. A at 13). This probation included a prohibition on Petitioner Keys carrying a firearm as prohibited by the California Penal Code. *See id.* On January 6, 2016, Petitioner Keys was charged with violating his probation in the Superior Court of the State of California In And For Lassen County. (Ex. A at 25). Petitioner Keys had a right to possess these firearms and as challenged in the state proceedings, these firearms were not "assault" rifles. He also had the right to possess the ammunition. The State did not use a search warrant to find the evidence that resulted in Petitioner Key's probabition violation. (Ex. C. at 5). Petitioner Keys's counsel for the probabationary hearing failed to move to suppress this evidence. On September 16, 2016, Petitioner Keys's sentence was enhanced for violating his probation due to possessing firearms and ammunition. (Ex. A at 543). Petitioner Keys's appellate counsel did not challenge the constitutional grounds for the enhancement as an unconstitutional search into Petitioner Keys's property without a search warrant. On December 10, 2018, Petitioner Keys then filed a Petition for Writ of Habeas Corpus to the 3rd Appellate District. (Ex. B at 1). This Petition was denied without a published opinion on January 3, 2019. (Ex. B at 1). After this Petition was denied, Petitioner Keys filed a Petition for Writ of Habeas Corpus to the California Supreme Court on April 22, 2019. (Ex. B at 2). On July 24, 2019, the California Supreme Court denied the Petition on the grounds that it failed to allege sufficient facts with particularity. *See In re Swain*, (1949) 34 Cal.2d 300, 304 ("[A] petition for writ of habeas corpus must allege sufficient facts with particularity."). This Petition follows asserting that because no search warrant was served on Petitioner Keys his appellate counsel was ineffective for failing to challenge the constitutionality of the State's

search.

## III. TIMELINESS UNDER AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations that is particularily relevant to the present action.

AEDPA gives a state inmate one year from the conclusion of his direct appeal to file a petition for federal habeas corpus. 28 U.S.C. § 2244(d)(1)(A) (emphasis added); *Forbess v. Franke*, 749 F.3d 837, 839 (9th Cir. 2014). AEDPA tolls the statute of limitations while a "properly filed application" for state post-conviction relief is pending. 28 U.S.C. § 2244 (d)(2).

Admittedly, this Petition comes after the one-year limitation detailed in AEDPA. However, Petitioner contends that the grave miscarriage of justice and prejudice he experience justifies excusing his procedural default.

## IV. ARGUMENT IN SUPPORT OF GRANTING HABEAS CORPUS RELIEF.

### A. Ineffective assistance of counsel

*1. Basic law on ineffective assistance of counsel.*

To establish a claim for ineffective assistance of counsel, Petitioner must prove: (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A "claim of incompetence of appellate counsel based on failure to raise the issue of insufficiency of the evidence is cognizable in a habeas corpus proceeding." *See, e.g., In re Spears*, 157 Cal. App. 3d 1203, 1210, 204 Cal. Rptr. 333, 337 (Ct. App. 1984); *In re Smith* (1970) 3 Cal.3d 192, 200, 90 Cal.Rptr. 1.

An attorney's performance is deemed deficient if it is objectively unreasonable under prevailing professional norms. *See id.* The Court, however, must review counsel's performance with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. A petitioner claiming ineffective assistance of counsel must show that relevant counsel's representation was not supported by a reasonable strategy and that the error was prejudicial. *See Massaro v. United States*, 538 U.S. 500, 505 (2003).

The Sixth Amendment right to effective assistance of counsel "envisions counsel playing a role that is critical to the ability of the adversarial system to produce just results." *Strickland*, 466 U.S. at 685.

### 2. Deficient Performance.

Here, Petitioner Keys asserts that his former counsel's performances was deficient and not supported by reasonable strategy when counsel failed to raise integral constitutional claims that would have supported Petitioner's innocence. Petitioner acknowledges that appellate counsel has no constitutional duty to raise every single issue. *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983); *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997).

Consequently, a petitioner is entitled to relief only if counsel failed to raise a "winning issue" on appeal. *Id.* at 1033-34. As explained below, former counsel's failure to raise the issue of a warrantless search and seizure of Petitioner's property constitutes deficient performance as it would have been a "winning issue" on appeal.

### 3. Prejudice

Appellate counsel's failure to raise these specific meritorious grounds for relief constituted ineffective assistance because the claims that appellate counsel failed to raise had "a reasonable probability of succeeding," *Miller v. Keeney,* 882 F.2d 1428, 1434 (9th Cir. 1989), and "arguably might have resulted in reversal." *In re Smith,* 3 Cal.3d at 202, 90 Cal.Rptr. at 1; s*ee also People v. Rhoden* (1972) 6 Cal.3d 519, 524, 99 Cal.Rptr. 751; *In re Spears*, 157 Cal. App. 3d at 1210, 204 Cal. Rptr. at 337 ("A habeas petitioner need not establish that he was entitled to reversal in order to show prejudice in the denial of appellate counsel.").

The constitutional challenge to the legality of the State's search had "reasonable probability" of succeeding. The State failed to introduce evidence in the probabationary hearing that showed it had reasonable suspicion or probable cause in searching Petitioner Keys's property. *See* Ex. A at 309 – 505. If Petitioner Keys's appeallate counsel challenged the search, his sentence would not have been enhanced and he would not have suffered an unjustified longer sentence. Accordingly, by failing to raise this issue on appeal, Petitioner Keys's appellate counsel failed to provide him effective assistance of counsel.

### B. Illegal search and seizure

Even though parolees have a diminished expectation of privacy, to conduct a warrantless search of a parolee's residence, the searching officers must have probable cause and reasonable suspicsion to conduct the search. *See United States v. Knights,* 534 U.S. 112, 114 (2001); *United States v. King*, 736 F.3d 805, 807 (9th Cir. 2013); *United States v. Grandberry*, 730 F.3d 968, 981 (9th Cir. 2013) ("[W]e hold that before conducting a warrantless search pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched."). In *Knights*, the Supreme Court upheld a search that police had conducted pursuant to the terms of a defendant's probation, which authorized searches "with or without a search warrant, warrant of arrest or reasonable cause." 534 U.S. at 114. The police had no warrant for the search of the defendant's apartment, but *they did have reasonable suspicion* that the defendant was involved in criminal activity. *Id.* at 114–15 (emphasis added). The *Knights* Court found that the intrusion on the defendant's expectation of privacy did not outweigh the government's interest conducting the search because it had reasonable suspicion and the search was needed to conduct the search for the promotion of legitimate governmental interests. *See id.* at 118–19; *see also King*, 736 F.3d at 808.

The warrantless search violated Petitioner Keys's Fourth Amendment rights as the probabtionary hearing record does not establish that the State had reasonable

suspicion to conduct the search. *See* Ex. A at 309 – 505. Petitioner Keys may have had a diminished expectation of privacy after agreeing to his probabtionary agreement. But this agreement did not completely sport away his constitutional rights to be free of unreasonable searches. Unlike the search in *Knights*, the State did not establish that it had reasonable suspicion to conduct the search. *See* Ex. A at 309 – 505. It only established that the search occurred and that the evidence found violated the terms of Petitioner Keys's probation. Accordingly, as the appellate record failed to include evidence showing that the State had reasonable suspicion to search Petitioner Keys property, it is likely that the search violated his Fourth Amendment rights.

For the foregoing reasons, Petitioner respectfully requests that this Court grant this Petition for Writ of Habeas Corpus.

Dated:  June 27, 2022.

Respectfully Submitted,

*/s/ Benjamin P. Lechman*
Benjamin P. Lechman, Esquire
Benjamin P. Lechman Law Offices
California Bar No. 185729
The Historic Granger Building
964 Fifth Avenue, #964
San Diego, CA  92101
Tel: 619-733-9789
Email: benlechman@hotmail.com
Local Counsel

*/s/ Robert L. Sirianni, Jr.*
Robert L. Sirianni, Jr., Esquire
DC Bar No. 1016303
BROWNSTONE, P.A.
P.O. Box 2047
Winter Park, Florida 32789
Telephone: (407) 388-1900
Facsimile: (407) 622-1511
RobertSirianni@BrownstoneLaw.com
Pro Hac Vice Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record:

Sacramento
    United States Attorney's Office
    Robert T. Matsui United States Courthouse
    501 I Street, Suite 10-100
    Sacramento, CA. 95814

*/s/ Robert L. Sirianni, Jr.*
Robert L. Sirianni, Esquire
Pro Hac Vice Attorney

## CERTIFICATE OF COMPLIANCE

I hereby certify this document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 1,246 words. This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

PRO HAC SPONSOR

*/s/ Robert L. Sirianni, Jr.*
Robert L. Sirianni, Jr., Esquire

# LIST OF EXHIBITS

Exhibit A.	Record on appeal.

Exhibit B.	3rd District and California Supreme Court Dockets.